UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA GOOCH,

                Plaintiff,        Civil Action No. 18-13920
                                      Honorable Denise Page Hood
v.                                     Magistrate Judge David R. Grand

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____/

**REPORT AND RECOMMENDATION
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [12, 14]**

Plaintiff Tina Gooch ("Gooch") brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions (Docs. #12, #14), which have been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.    RECOMMENDATION**

For the reasons set forth below, the Court finds that substantial evidence supports the Administrative Law Judge's ("ALJ") conclusion that Gooch is not disabled under the Act. Accordingly, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment (**Doc. #14**) be **GRANTED**, Gooch's Motion for Summary Judgment

(**Doc. #12**) be **DENIED**, and that pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision be **AFFIRMED**.

## II. REPORT

### A. Background

Gooch was 49 years old at the time of her alleged onset date of August 6, 2015, and at 5'3" tall weighed approximately 175 pounds during the relevant time period. (Tr. 50, 166, 170). She completed high school but had no further education. (Tr. 50, 171). Previously, she owned and operated a hair salon, but she stopped working in August 2015 because of pain stemming from her impairments. (Tr. 51, 53, 170-71). She now alleges disability primarily as a result of back pain, neck pain, and carpal tunnel syndrome. (Tr. 49-50, 170).

After Gooch's application for DIB was denied at the initial level on February 4, 2016 (Tr. 81-84), she timely requested an administrative hearing, which was held on November 28, 2017, before ALJ John Loughlin (Tr. 46-70). Gooch, who was represented by attorney John Morosi, testified at the hearing, as did vocational expert Guy Hostetler. (*Id.*). On April 20, 2018, the ALJ issued a written decision finding that Gooch is not disabled under the Act. (Tr. 13-23). On November 23, 2018, the Appeals Council denied review. (Tr. 1-6). Gooch timely filed for judicial review of the final decision on December 17, 2018. (Doc. #1).

The Court has thoroughly reviewed the transcript in this matter, including Gooch's medical record, function and disability reports, and testimony as to her conditions and resulting limitations. Instead of summarizing that information here, the Court will make

references and provide citations to the transcript as necessary in its discussion of the parties' arguments.

### B. The ALJ's Application of the Disability Framework Analysis

Under the Act, DIB are available only for those who have a "disability." *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner's regulations provide that a disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Scheuneman v. Comm'r of Soc. Sec.*, No. 11-10593, 2011 WL 6937331, at *7 (E.D. Mich. Dec. 6, 2011) (citing 20 C.F.R. § 404.1520); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps …. If the analysis reaches the fifth step without a finding that claimant is not disabled, the burden transfers to the [defendant]." *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Following this five-step sequential analysis, the ALJ found that Gooch is not disabled under the Act. At Step One, the ALJ found that Gooch has not engaged in substantial gainful activity since August 6, 2015 (the alleged onset date). (Tr. 15). At Step Two, the ALJ found that she has the severe impairments of degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine, bilateral carpal tunnel syndrome, and bilateral cubital tunnel syndrome. (*Id.*). At Step Three, the ALJ found that Gooch's impairments, whether considered alone or in combination, do not meet or medically equal a listed impairment. (Tr. 16).

The ALJ then assessed Gooch's residual functional capacity ("RFC"), concluding that she is capable of performing light work, with the following additional limitations: can frequently push, pull, handle, and finger with her bilateral upper extremities; can frequently kneel, crouch, stoop, and crawl; can frequently climb stairs and ramps; can never climb ladders, ropes or scaffolds; can never be exposed to vibrations, unprotected heights, or moving machinery parts; can understand, remember, and carry out simple instructions; and can make simple work-related decisions. (Tr. 17).

At Step Four, the ALJ found that Gooch is not capable of performing her past relevant work. (Tr. 21). At Step Five, the ALJ determined, based in part on testimony provided by the vocational expert in response to hypothetical questions, that Gooch is capable of performing the jobs of blood donor unit assistant (76,503 jobs nationally), room service clerk (1,057 jobs), and fundraiser II (5,454 jobs). (Tr. 22). As a result, the ALJ concluded that Gooch is not disabled under the Act. (*Id.*).

    **C.**    **Standard of Review**

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal citations omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotations omitted). In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

When reviewing the Commissioner's factual findings, the court is limited to an examination of the record and must consider the record as a whole. *See Bass*, 499 F.3d at 512-13; *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The

court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council," or in this case, the ALJ. *Heston*, 245 F.3d at 535; *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989). There is no requirement, however, that either the ALJ or this court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal quotations omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted).

**D.   Analysis**

In her motion for summary judgment, Gooch argues that the ALJ erred in failing to consider the type of treatment she received and the side effects of her medications; in discounting her subjective complaints, in part, because of her activities of daily living; and in propounding a hypothetical question to the vocational expert ("VE") based on a purportedly flawed RFC.[1]  (Doc. #12 at 14-22). Each of these arguments is addressed below.

---

[1] Gooch also asserts – in a single, conclusory sentence – that the ALJ erred at Step Three of the sequential analysis in concluding that her impairments do not meet Listing 1.04 ("Disorders of the spine"). (Doc. #12 at 22). But, Gooch does not indicate whether she purportedly meets subpart A, B, or C of that Listing, and she fails to point to any specific evidence that could satisfy all of the requirements of any of these subparts. Moreover, even when the Commissioner pointed out these deficiencies in Gooch's Step Three argument (Doc. #14 at 24-27), Gooch made no attempt

6

### *1. Substantial Evidence Supports the ALJ's Evaluation of Gooch's Subjective Complaints*

In his decision, the ALJ found that Gooch's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record …." (Tr. 18). Gooch now argues that, in evaluating her subjective complaints, the ALJ failed to properly account for the type of treatment she received, as well as the side effects of her medications. (Doc. #12 at 14-16). Additionally, Gooch argues that the ALJ improperly discounted her subjective complaints as inconsistent with her activities of daily living. (*Id.* at 17-19). For the reasons set forth below, the Court finds no merit to these arguments.

The Sixth Circuit has held that ALJs are in the best position to evaluate a claimant's subjective complaints because "the ALJ's opportunity to observe the demeanor of the claimant 'is invaluable, and should not be discarded lightly.'" *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 538 (6th Cir. 1981) (quoting *Beavers v. Sec'y of Health, Ed. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978)). Thus, such an evaluation will not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The ALJ is not simply required to accept the testimony of a claimant if it conflicts with medical reports and other evidence in the record. *See Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997). Rather, after the ALJ finds a medical condition that could

---

to further develop or support this argument. Thus, Gooch's Step Three argument is waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to … put flesh on its bones.") (internal quotations omitted).

reasonably be expected to produce the claimant's alleged symptoms, he must evaluate the claimant's symptoms by considering "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Soc. Sec. Rul. 16-3p*, 2017 WL 5180304, at *4 (Oct. 25, 2017).

In considering Gooch's subjective complaints, the ALJ discussed the inconsistency between her hearing testimony and other record evidence regarding her symptoms; her treatment history; and her daily activities. (*E.g.*, Tr. 20 (noting inconsistency between Gooch's testimony that she has difficulty remembering and concentrating with the "normal neurological findings" contained in the record); Tr. 17 (noting that Gooch's treatment was "decidedly conservative" and included medication, physical therapy, a TENS unit, and chiropractic modalities); Tr. 20 (finding Gooch's allegations of disabling symptoms at odds with her daily activities, which include caring for her personal needs and performing household chores)). All of these were proper considerations. *See* 20 C.F.R. § 404.1529(c)(3).

Additionally, the ALJ observed that Gooch's allegations of disabling pain are inconsistent with the objective medical evidence of record. (Tr. 18-20; Tr. 250 (August 2014 lumbar spine MRI showed only degenerative changes at L4-L5 and L5-S1, a concentric annular tear and mild central disc bulge at L3-L4 and L4-L5, and mild spondylytic compromise of the right L5 neural foramen secondary to asymmetric right posterolateral disc bulge and endplate osteophytic spur); Tr. 285, 291 (October 2014

8

evaluation with David Udehn, M.D. at Covenant Neurosurgery, who described the lumbar spine MRI as "unimpressive"; at this visit, Gooch had normal gait and station, her manual motor examination was within normal limits, and surgery was deemed unwarranted); Tr. 268-73, 309, 604 (back pain improved after series of epidural steroid injections); Tr. 334 (Dr. Udehn referred Gooch back to her family doctor for continued treatment, noting that she was "improving and heading in the right way for recovery"); Tr. 353 (decreased range of motion in the lumbar spine in July 2015, but no tenderness, swelling, or deformity); Tr. 509 (August 2015 EMG showed only mild carpal tunnel syndrome in the right wrist and was normal on the left); Tr. 391 (September 2015 MRI of Gooch's cervical spine showed only mild hypertrophic degenerative changes with mild foraminal narrowing at C5-C6 and C6-C7); Tr. 400-02 (at a January 2016 consultative examination, Gooch was ambulatory without any walking aid, had negative straight leg raise tests bilaterally, and could squat completely); Tr. 516 (November 2016 lumbar spine x-ray showed only degenerative disc disease and posterior facet disease, most advanced at L5-S1)). It was appropriate for the ALJ to consider the inconsistencies between Gooch's allegations of disabling back pain and the objective medical evidence. *See* 20 C.F.R. § 404.1529(c)(2).

Gooch now raises three specific challenges to the ALJ's evaluation of her subjective complaints. First, she argues that the ALJ's characterization of her treatment as "decidedly conservative" was erroneous. (Doc. #12 at 8 (quoting Tr. 17)). Specifically, Gooch asserts that the ALJ "failed to acknowledge not only the employment of numerous regimens of epidural steroidal injections, but also the fact that [her] physicians had prescribed at various times Gabapentin, Norco, Skelaxin, hydrocodone, and Neurontin." (*Id.* at 15). But, Gooch

9

is incorrect, as the ALJ expressly discussed the fact that her treatment included steroid injections and multiple pain medications (including those identified by Gooch). (Tr. 18). And, case law makes clear that, contrary to Gooch's question, "How do prescription medication regimen, steroid injections, a TENS unit, physical therapy and manipulative therapy equal conservative management?" (Doc. # 15 at 4), such treatment is in fact conservative, particularly compared to the types of invasive surgical procedures persons with serious back impairments often undergo. *See, e.g., Dimarzio v. Comm'r of Soc. Sec.*, No. 11-15635, 2013 WL 6163637, at *18 (E.D. Mich. Nov. 20, 2013) ("prescription medication and some epidural steroid injections" are "modest treatment" that is "inconsistent with a finding of disability"). Thus, this argument is without merit.

Next, Gooch argues that, in evaluating her subjective complaints, the ALJ erred in failing to account for the side effects of her medications. (Doc. #12 at 16). "The Sixth Circuit has held that the ALJ must evaluate '[t]he type, dosage, effectiveness, and side effects of any medication' as part of the process of determining the extent to which side effects impair a claimant's capacity to work."[2] *Morin v. Comm'r of Soc. Sec.*, 259 F. Supp. 3d 678, 683 (E.D. Mich. 2017) (quoting *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 532 (6th Cir. 2014)); *see also* 20 C.F.R. § 404.1529(c)(3)(iv). Like allegations of pain, a

---

[2] Gooch also asserts that the ALJ erred because he "did not make findings regarding the amount (dosages) of the medications prescribed …." (Doc. #12 at 16). While the ALJ did not mention those specific details, he did discuss Gooch's medications, and an ALJ need not cite every piece of evidence in the record to show that he considered it. *See Kornecky*, 167 F. App'x at 508. Here, where the ALJ specifically mentioned Gooch's medications, and where Gooch has not identified any particular dosage that was unusual or consequential in some respect, the Court finds no error warranting remand.

10

claimant's subjective allegations of a medication's side effects must be supported by objective medical evidence. *See Howard v. Berryhill*, No. 16-13851, 2017 WL 5493655, at *3 (E.D. Mich. Oct. 24, 2017) (citing cases); *Farhat v. Sec. of Health & Human Servs.*, No. 91-1925, 1992 WL 174540, at *3 (6th Cir. 1992).

Here, the ALJ explicitly acknowledged Gooch's reports of medication side effects, referencing her testimony "that her medication makes her feel foggy and somewhat off balance" and "causes her to have difficulty remembering and concentrating." (Tr. 20, 53-54, 59, 62-63). However, the ALJ also noted that, despite Gooch's subjective reports in this respect, "consistently documented throughout the record are normal neurological findings." (Tr. 20). Specifically, the ALJ explained that Gooch was routinely described as alert and oriented to person, place, and time. (Tr. 20; *see also* Tr. 353, 360, 366, 374, 380, 402, 412, 559, 562, 601, 609, 623, 628, 635). The Court also notes that examinations conducted by Dr. Udehn, a neurosurgeon, repeatedly showed that she has normal memory, comprehension, repetition, and other mental functioning. (Tr. 288, 299, 310, 320, 331, 628, 635). In addition, the ALJ reasonably found that Gooch's allegations of severe medication side effects were not consistent with her reports that she remained able to perform a variety of multistep tasks, such as driving a car, paying bills, counting change, handling a savings account, and using a checkbook. (Tr. 20, 180-81, 193, 400). Finally, Gooch did not consistently report the side effects to her providers. Rather, the record reflects Gooch reporting side effects only sporadically, at best. For example, in August 2015, at Gooch's first appointment after beginning Neurontin, she reported "some dizziness occasionally after taking neurontin." (Tr. 359). At her next appointment later

11

that month, however, she did not report any ongoing side effects, and in fact, denied any fatigue. (Tr. 366). A few weeks later, she was found to have a normal mood and affect. (Tr. 374). Indeed, it was not until February 2017 – nearly eighteen months later – that she told a provider that she only took her medications (Norco and Neurontin) "about once a day because they both make her rather drowsy." (Tr. 600, 608; 633). However, earlier that same month she was found to be alert, with normal mood, affect, judgment, mentation and abstract thinking. (Tr. 635). She was found to have normal mood, affect and behavior on March 3, 2017, and in April 2017, Gooch reported taking her medication as prescribed, and she did not mention experiencing any side effects. (Tr. 562; 603, 609). Thus, although there is some minimal corroborative evidence of side effects in the record, that evidence is outweighed by the competing evidence discussed above.[3] Accordingly, the ALJ reasonably declined to find that Gooch's testimony and her sporadic complaints supported a finding of disability or more stringent RFC restrictions.

Nevertheless, the ALJ did not entirely dismiss Gooch's allegations of medication side effects; rather, he explained that he "accounted for [Gooch's] difficulty remembering and concentrating by limiting her to performing simple, routine tasks, and making simple work-related decisions." (Tr. 20). For all of the above reasons, the Court finds no error in this aspect of the ALJ's analysis.

---

[3] The Commissioner argues that because "the record reflects only a few sporadic subjective complaints of side effects [] [this] is insufficient to satisfy the twelve-month durational requirement[]" in 42 U.S.C. § 423(d)(1). (Doc. #14 at 10). As explained above, though, the Court sees the issue more in terms of a substantial evidence analysis, and substantial evidence does support the ALJ's handling of Gooch's alleged side effects.

Finally, Gooch challenges the ALJ's finding that her activities of daily living – while not dispositive – were not consistent with her allegations of disabling pain. (Doc. #12 at 17-19). This was a proper consideration. *See* 20 C.F.R. § 404.1529(c)(3)(i) (ALJ properly considers daily activities when evaluating subjective symptom complaints). Specifically, the ALJ noted that, in her function report, Gooch indicated that she remained able to independently care for her personal needs and perform household chores, such as preparing simple meals, caring for her pets, dusting, doing laundry, and washing dishes. (Tr. 20, 179-81). The ALJ also cited Gooch's statements to the consultative examiner, Siva Sankaran, M.D., that she did not require assistance caring for her personal needs, had no difficulty performing day-to-day chores (except for "heavy lifting, bending, squatting, and vacuuming"), and could drive for 30 minutes without problems. (Tr. 19, 400).

Gooch disputes the ALJ's assessment of her daily activities, arguing that she qualified her reports of physical activities in her function report and "obviously struggled with her household tasks." (Doc. #12 at 18). Specifically, Gooch points out that she reported that she had assistance in meal preparation and only performed certain household chores "once in a while." (*Id.* (citing Tr. 180)). Again, however, the ALJ relied not just on the statements in the function report, but on Gooch's statements to Dr. Sankaran as well.

In the end, the question before this Court is "not whether substantial evidence, or even the weight of the evidence, supports [Gooch's] position. Rather, this court is only asked to decide if the record includes substantial evidence to support the Commissioner's determination." *Potter v. Comm'r of Soc. Sec.*, 223 F. App'x 458, 464 (6th Cir. 2007). Here, then, even if the ALJ overstated certain aspects of Gooch's daily activities, remand

13

is not required where the ALJ's overall evaluation of her subjective complaints is otherwise supported by substantial evidence. *See Tate v. Comm'r of Soc. Sec.*, No. 13-11473, 2014 WL 4536929, at *8 (E.D. Mich. Sept. 11, 2014) (even if ALJ erred in discounting claimant's credibility on one basis, such an error was harmless where the ALJ provided other evidentiary support for credibility determination).

> 2. *The ALJ's RFC Finding and Resulting Hypothetical Question to The VE Adequately Accounted for Gooch's Credible Limitations*

Gooch next argues that the hypothetical question propounded by the ALJ to the VE "failed to properly account for [her] limitations concerning her ability to sustain concentration, persistence or pace."[4] (Doc. #12 at 20). In assessing Gooch's RFC, the ALJ explained that he accommodated her limitations in memory and concentration by restricting her to "simple, routine tasks, and making simple work-related decisions." (Tr. 20). Gooch now argues that, because of her medication side effects and chronic pain, the ALJ should have included additional, unspecified limitations in concentration, persistence, or pace, or time "off task." (Doc. #12 at 21). But, given that Gooch has failed entirely to identify what additional limitations should have been included in the ALJ's RFC finding, this argument is without merit.[5] *See Turvey v. Comm'r of Soc. Sec.*, No. 12-12388, 2013 WL 3271194, at *4 (E.D. Mich. June 27, 2013) (rejecting the plaintiff's challenge to the

---

[4] Although framed as a challenge to the ALJ's Step Five determination, because the hypothetical question posed to the VE in this matter was essentially identical to the RFC, this is in reality an attack on the ALJ's underlying RFC finding. *See Seiler v. Comm'r of Soc. Sec.*, No. 16-13541, 2018 WL 992062, at *5 (E.D. Mich. Feb. 1, 2018).

[5] This is particularly true where Gooch's argument in this respect essentially re-hashes her prior claims about medication side effects and subjective symptom complaints, which were addressed above, *supra* at 9-13.

14

RFC assessment where he did not "specify any additional work-related functional limitations the ALJ should have, but did not, include in the RFC assessment resulting from his pain or mental impairments").

Lastly, Gooch argues that the RFC "failed to take into account [her] chronic pain associated with her well-documented and objectively supported physical findings." (Doc. #12 at 21). In support of this argument, Gooch cites the August 2015 EMG nerve conduction testing of her bilateral upper extremities, which revealed "mild" carpal tunnel syndrome on the right and was normal on the left. (*Id.* (citing Tr. 652)). But, diagnostic test results alone do not establish functional limitations, and Gooch has not demonstrated that the ALJ erred in failing to include additional restrictions as a result of this impairment. *See Flowers v. Comm'r of Soc. Sec.*, No. 14-12449, 2015 WL 4274961, at *4 (E.D. Mich. July 14, 2015) ("the MRI and the CT scan reports provide no insight into what additional limitations Plaintiff may suffer from based on the diagnoses therein" and "leave[] the ALJ and the Court to speculate with regard to any possible limitations"). Similarly, Gooch cites to an August 2017 treatment note from James Culver, M.D., a pain management specialist, reflecting that she had reduced lumbar mobility, tenderness throughout the lumbar spine, and positive straight leg raise testing. (Doc. #12 at 22 (citing Tr. 605)). At the same time, however, Dr. Culver noted that Gooch was able to ambulate unassisted and did not have any sensory, motor, or reflex abnormalities, and he merely recommended further conservative treatment with epidural injections. (Tr. 605-06). Thus, the specific evidence cited by Gooch fails to undermine the other substantial evidence of normal examinations, conservative treatment, and significant daily activities on which the ALJ relied to find that

Gooch remained able to perform the assessed RFC. *See, e.g., Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999) ("Even if the evidence could also support another conclusion, the decision of the [ALJ] must stand if the evidence could reasonably support the conclusion reached.").

For all of the above reasons, and upon an independent review of the entire record, the Court concludes that the ALJ's decision is supported by substantial evidence.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment (**Doc. #14**) be **GRANTED**, Gooch's Motion for Summary Judgment (**Doc. #12**) be **DENIED**, and the ALJ's decision be **AFFIRMED**.

Dated: December 9, 2019  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this

Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 9, 2019.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
