# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TINA GOOCH,

        Plaintiff,        CASE NO. 18-13920
                             HON. DENISE PAGE HOOD

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [#16] TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#14] AND TO DENY PLAINTIFF'S MOTION TO REMAND [#12]

This matter is before the Court on a Report and Recommendation [ECF No. 16] filed by Honorable Magistrate Judge David R. Grand to grant the Motion for Summary Judgment filed by Defendant Commissioner of Social Security ("Commissioner") [ECF No. 14] and to deny the Motion to Remand filed by Plaintiff Tina Gooch ("Gooch"). [ECF No. 12] Gooch has timely filed four objections to the Report and Recommendation. [ECF No. 17] The Commissioner has filed a Reply to the objections. [ECF No. 19]

On February 4, 2016, the Social Security Administration denied Gooch's application for Disability Insurance ("DIB"). The Administrative Law Judge

1

("ALJ") found that Gooch had the following injuries and conditions: severe impairments of degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine, bilateral carpal tunnel syndrome, and bilateral cubital tunnel syndrome. Despite Gooch's various ailments, the ALJ concluded that Gooch did not meet the definition of "disabled" under 42 U.S.C. § 423(d)(1)(A). The ALJ primarily based his decision on the fact that Gooch only required a "conservative" treatment program, engaged in some "activities of daily living," and inconsistently reported her side effects from her various medications, which led him to believe the side effects were not debilitating. The ALJ also determined that Gooch would be able to perform jobs requiring "routine tasks" and "simple work-related decisions." [ECF No. 16, Pg.ID 764]

Gooch's main arguments against the ALJ's analysis focus on the ALJ's alleged failure to consider the type of treatment she received and her side effects from her medication. [ECF No. 12] Gooch also contests the ALJ's dismissive consideration of her subjective complaints and mischaracterization of her daily physical activities. [*Id.*] Gooch further asserts that the ALJ's residual functioning capacity ("RFC") ignores important evidence that Gooch proffered, which would support a disability finding. However, the Magistrate Judge explained that substantial evidence supported the ALJ's reasoning.

Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which valid objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court ACCEPTS and ADOPTS the Report and Recommendation, GRANTS the Commissioner's Motion for Summary Judgment, and DENIES Gooch's Motion to Remand.

The background procedure and facts of this matter are adequately set forth in the Magistrate Judge's Report and Recommendation, and the Court adopts them here.

I.  ANALYSIS

  A. Standard of Review

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* In order to preserve the right to appeal the magistrate judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155

(1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

**B. Gooch's Objections**

*1. First Objection*

Gooch first objects to the ALJ's conclusion that because her treatment was "decidedly conservative" that it could not support finding Gooch disabled. Gooch disagrees with the Magistrate Judge's use of *Dimarzio v. Commissioner of Social Security*, which determined that prescription medication and epidural injections are "modest treatment" protocols and inconsistent with a disability designation. No. 11-15635, 2013 WL 6163637, at *18 (E.D. Mich. Nov. 20, 2013). Gooch asserts that there are several medical conditions that do not lend themselves to surgical intervention and that should not be the standard for determining whether a disability exists. Gooch further argues that there should not be a "bright line" rule stating that treatment plans that do not require surgery cannot constitute a disability.

Gooch's first objection is unconvincing. Neither the Magistrate Judge nor the ALJ found that modest treatment plans are incompatible with a disability in every case. Rather, the Magistrate Judge determined that the ALJ correctly considered Gooch's conservative treatment as one factor, among many, that would not support a disability finding. In *Myatt v. Commissioner of Social Security*, the Sixth Circuit determined that the plaintiff's "modest treatment regimen" was inconsistent with a

4

disability. 251 F. App'x 332, 335 (6th Cir. 2007). In reaching its conclusion, the Sixth Circuit considered that the plaintiff had never been hospitalized for his physical ailments, referred for an orthopedic evaluation, and had never been recommended for surgery. *Id.*; *see also Helm v. Comm'r of Soc. Sec.*, 405 F. App'x 997, 1001 (6th Cir. 2011) (finding that absent other treatments, using prescription medication comprised a "modest treatment regimen" and precluded a disability finding).

As Defendant indicates, Gooch provides no caselaw nor regulations to support her assertion that conservative treatment plans can warrant finding a disability. Gooch also fails to acknowledge that the ALJ followed the Agency's own regulations, which require an ALJ to consider a claimant's treatment plan when analyzing subjective complaints. *See* 20 C.F.R § 404.1529(c)(3)(v) ("Factors relevant to your symptoms, such as pain, which we will consider include…[t]reatment, other than medication, you receive or have received for relief of your pain or other symptoms"); *see also* Social Security Ruling 16-3p, 2017 WL 5180304, at *9 (finding that ALJs should consider "longitudinal record of any treatment and its success or failure" reported by medical sources).

The Magistrate Judge correctly determined that the ALJ's consideration of Gooch's modest treatment plan aligned with controlling caselaw. *See Bentley v. Comm'r of Soc. Sec.*, 23 F. App'x 434, 435-436 (6th Cir. 2001) (concluding that an

ALJ can rely on a plaintiff's conservative treatment plan in finding that his subjective complaints were questionable). Gooch's first objection is overruled.

 2. *Second Objection*

Gooch also objects to the Magistrate Judge's conclusion that the ALJ's analysis of Gooch's medication side effects was appropriate. Gooch argues that a normal neurologic exam cannot accurately gauge whether a claimant is experiencing side effects and can engage in "substantial gainful activity." [ECF No. 17, Pg.ID 781] Gooch asserts that a claimant can recite information and appear aware and still be incapable of concentrating enough to maintain employment. Gooch further claims that the RFC did not adequately address her testimony that her medication made her feel foggy.

The Court disagrees and finds that the Magistrate Judge correctly found that the ALJ analysis contained no errors. In addition to reports that described Gooch as "alert and oriented to person, place, and time," the ALJ also referenced neurosurgeon Dr. Udehn's report. Dr. Udehn's report concluded that Gooch had "normal memory, comprehension, repetition, and other mental functioning." [ECF No. 16, Pg.ID 771] Gooch's second objection is overruled.

 3. *Third Objection*

Gooch next asserts that the Magistrate Judge erred when reviewing the ALJ's conclusion that Gooch's ability to engage in "daily activities" was incompatible with

a "disability." Gooch refers to her Function Report where she reported "difficulty walking, climbing stairs, lifting, performing household chores, standing or sitting for over ten minutes at a time and bending." [ECF No. 17, Pg.ID 782] Although Gooch admitted that she was able to perform activities including "dusting, folding laundry, [and] dishes . . . ," she emphasizes that she qualified her statements, clarifying that she could only perform those tasks "once in a while." [*Id.*]

Gooch argues that the ALJ mischaracterized *Rogers v. Commissioner*. 486 F.3d 234, 248 (6th Cir. 2007). Gooch further asserts that *Rogers* established that minimal daily routines do not equate to normal work activities. *Id.* However, Gooch does not acknowledge that *Rogers* described "typical or basic work" as those jobs that include "walking, standing, sitting, lifting, pushing, pulling, reaching carrying, or handling." *Id.* at n.6 (quoting 20 C.F.R. § 416.921(b)).

The Magistrate Judge correctly interpreted *Rogers*. When applying *Rogers* to Gooch's case, it is important to note two key differences. First, the plaintiff in *Rogers* was limited to duties like light housework and taking care of her dog. *Id.* at 249. The *Rogers'* plaintiff had greater limitations on her daily activities. The extent of her dog responsibilities involved her opening the door for her dog to go play. *Id.* The plaintiff also mentioned difficulty holding books, and getting dressed. *Id.* And second, the plaintiff in *Rogers* also indicated that she received frequent support for her personal care from her children who lived near her. *Id.*

Here, the ALJ supported his analysis of Gooch's daily activities with substantial evidence. The ALJ based his conclusion on Dr. Sankaran's report. Gooch explained to Dr. Sankaran that she "'had no difficulty' performing day-to-day chores, except for heavy lifting, bending, squatting, and vacuuming." [ECF No. 19, Pg.ID 794] None of the ALJ's proffered vocations, blood donor unit assistant, room service clerk, nor fundraiser, involved the physical activities that concerned Gooch. Gooch's third objection is overruled.

*4. Fourth Objection*

Gooch also argues that the ALJ's RFC and tasks that Gooch can hypothetically perform are insufficient reasons to account for Gooch's credible limitations. The Magistrate Judge concluded that Gooch's medical evidence fails to erode the substantial evidence supporting a non-disability such as normal examinations, conservative treatment, and significant daily activities. Gooch contends that her aforementioned objections concerning her conservative treatment and daily activities sufficiently dilute the Magistrate Judge's reasoning. Gooch further argues that the Magistrate Judge failed to address Dr. Culver's findings. The Court maintains that objections one, two, and three are unconvincing and declines to address an argument based on cumulative objections. For Gooch's fourth objection, the Court will only address Gooch's argument about Dr. Culver.

Gooch argues that the Magistrate Judge only focused on a portion of Dr. Culver's findings and erred by failing to consider Dr. Culver's other conclusions that indicate more severe impairments. To support her claim, Gooch references Dr. Culver's report to her primary care doctor, which concluded that she demonstrated reduced lower lumbar mobility and increased back pain and tenderness through her mid and lower lumbar midline. [ECF No. 17, Pg.ID 783] Gooch further cites Dr. Culver's conclusion that Gooch needed additional epidural therapy. [*Id.*] Dr. Culver administered a pain discomfort test, which Gooch uses to support her fourth objection. Gooch's highest score on the "Oswestry Disability Index" was 36, which is indicative of "moderate disability." [*Id.*]

When reviewing an ALJ's decision, the Magistrate Judge must look at whether the evidence reasonably supported the ALJ's conclusion, not whether the evidence could also support a different determination. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). Although some aspects of Dr. Culver's assessments of Gooch may support a more restrictive finding, the Magistrate Judge used the correct standard to conclude that substantial evidence also supported the ALJ's RFC finding. Gooch's fourth objection is overruled.

## III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Magistrate Judge David R. Grand's Report and Recommendation (ECF No. 16, filed December 9, 2019) is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Defendant Commissioner of Social Security's Motion for Summary Judgment (ECF No. 14, filed July 25, 2019) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff Tina Gooch's Motion to Remand (ECF No. 12, filed May 23, 2019) is DENIED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.

s/Denise Page Hood
Chief Judge, United States District

DATED: March 18, 2020